**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HAGAN WOLFE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-02410 (UNA) |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se* Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Georgia, sues the Clerk of Court and the Administrative Manager of the United States Court Appeals for the Second Circuit. He alleges that the Second Circuit erred by allowing Defendants, who are "federal administrative officer[s] with no judicial authority" to take judicial actions "across more than twenty separate federal appellate proceedings, over a period exceeding six months." He demands damages, as well as equitable relief voiding and vacating Defendants' actions and directing the Chief Judge of the United States Court of Appeals for the Second Circuit to take corrective actions.

*First*, Plaintiff cannot ask this Court to revisit actions taken by the Second Circuit or its staff, because it bears no such jurisdiction. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts")

(citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). More, federal trial courts have no authority to compel a federal circuit or its employees to take any action because that supervisory responsibility is exclusive to that circuit. *See Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (quoting *In re Marin*, 956 at 340); *Jordan v. Suter*, 116 F. App'x 288, 288-89 (D.C. Cir. 2004) (per curiam); *Reyes v. Duggan*, 723 Fed. Appx. 3, 3 (D.C. Cir. 2018) (per curiam). Insofar as Plaintiff seeks relief he must file for reconsideration with the Second Circuit or seek a writ of certiorari from the U.S. Supreme Court.

*Second*, the named Defendants are immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993). And, relevant here, a court and its staff "will not be deprived of immunity because the action . . . was in error, was done maliciously, or was in excess of . . . authority." *Mireles*, 502 U.S. at 12–13; *see Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court). This immunity also generally extends to claims for equitable relief brought against court staff. *See Klayman v. Blackburne-Rigsby*, No. 21-0409, 2021 WL 2652335, at *2 (D.D.C. Jun. 28, 2021), *aff'd*, No. 21-7069, 2022 WL 298933 (D.C. Cir. Jan. 20, 2022) (per curiam).

For all of these reasons, the Complaint, ECF No. 1, and this matter, are dismissed without prejudice. Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction, ECF No. 4, raising the allegations as presented in the Complaint, is denied for the same reasons. An Order consistent with this Memorandum Opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Date: October 28, 2026